UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CARLEAN LEWIS,                                              Civil Action No.:

                Plaintiff,

     v.                                                              **COMPLAINT**

CITY OF NEW YORK,
                                     **Jury Trial Demanded**
                Defendant.
------------------------------------------------------------------------X

Plaintiff Carlean Lewis ("Plaintiff"), by way of Complaint against the City of New York, hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against her former employer for unlawful employment practices in violation of the New York City Human Rights Law ("NYCHRL") and the New York State Human Rights Law ("NYSHRL"). Plaintiff alleges that Defendant City of New York discriminated against her on the basis of her disability, together with failure to provide a reasonable accommodation and wrongful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of

the events or omissions giving rise to this action, including the alleged unlawful employment practices, occurred in this district.

4. On or about June 22, 2021, Plaintiff timely filed a Notice of Claim with Defendant City of New York.

## PARTIES

5. Plaintiff is a female resident of the State of Pennsylvania, County of Monroe.

6. At all times material, the New York City Department of Housing Preservation and Development ("HPD") was and is a department of Defendant City of New York with the responsibility of developing and maintaining affordable housing in New York City.

7. HPD maintains headquarters located at 100 Gold Street, New York, NY 10038.

8. At all times material, Plaintiff was an employee of Defendant City of New York and HPD.

## FACTUAL ALLEGATIONS

9. On or about December 7, 2015, Plaintiff began working for HPD as a Home Inspector. Plaintiff was responsible for inspecting subsidized apartments to ensure compliance with federal Housing Quality Standards (HQS) requirements.

10. On or about November 8, 2017, Plaintiff was involved in a car accident while she was traveling to a home inspection. Plaintiff suffered severe injuries, including but not limited to, cervical spine herniations, right shoulder partial rotator cuff tear, lumbar spine disc herniations, right knee tear of the posterior horn of the medical meniscus, and partial ligament tears. As a result of her injuries, Plaintiff was required to go on disability leave.

11. On or about March 28, 2018, Plaintiff was able to return to work at HPD; Plaintiff resumed working as a Home Inspector and performed her duties in a satisfactory manner.

12. However, on or about July 15, 2019, Plaintiff was required to go back out on disability leave as a result of her injuries sustained in the car accident and accompanying pain symptoms.

13. In or around September 2020, Plaintiff received a letter dated August 28, 2020 from HPD's Director of Benefits, Tricina Stallings. The letter stated that Plaintiff would need to submit medical documentation by no later than September 27, 2020, indicating her fitness for duty or be terminated effective September 28, 2020. The letter further stated that, pursuant to the Americans with Disabilities (ADA), "it is the policy of this agency and the City of New York to make a reasonable accommodation to the known physical or mental limitations of an otherwise qualified employee with a disability." Plaintiff was directed to contact EEO Officer, Zenzile Vialva, for information regarding a reasonable accommodation request.

14. As instructed, on or about September 23, 2020, Plaintiff sent an email to Ms. Vialva to discuss a reasonable accommodation request for her disability. Plaintiff also sent Ms. Vialva a doctor's note which authorized Plaintiff to return to work on September 27, 2020 with restrictions for "prolonged sitting, prolonged standing, prolonged walking, climbing stairs, lifting, carrying and overhead activities." Ms. Vialva did not respond to Plaintiff's emails.

15. That same day, Plaintiff also sent emails to Ms. Stallings which included Plaintiff's doctor's note and a request for information about the reasonable accommodation process. Specifically, Plaintiff wrote, "I desperately need my job and wanted to discuss my options as far as the agency's reasonable accommodations."

16. On or about September 25, 2020, Plaintiff scheduled a telephone call with Ms. Stallings to discuss her reasonable accommodation request. However, during the call, Ms. Stallings told Plaintiff that she could not assist her and that reasonable accommodation requests needed to be directed to Ms. Vialva. When Plaintiff told Ms. Stallings that she had already contacted

    Ms. Vialva and received no response, Ms. Stallings told Plaintiff that "everyone is working from home due to the [COVID-19] pandemic" and that the agency "was backed up" and "[Plaintiff] need[ed] to give it time." Ms. Stallings also declined to give Plaintiff Ms. Vialva's telephone number and reiterated that the proper protocol was for Plaintiff to email Ms. Vialva and wait for a response.

17. That same day, Plaintiff sent another email to Ms. Vialva "to discuss [her] options for reasonable accommodations." Once again, Ms. Vialva did not respond.

18. On or about Saturday, September 26, 2020, desperate for assistance, Plaintiff again emailed Ms. Stallings: "**Good morning, I sent out numerous emails to [Ms. Vialva]. I sent 2 on the 23rd and 2 yesterday still no response. The letter stated I have until the 27th to respond, which I did.**"

19. On or about Monday, September 28, 2020, Ms. Stallings replied: "**Your response was received before September 27th. We spoke on Friday and your medical note was received. EEO will respond to you in a timely fashion. Please wait for [Ms. Vialva] to respond to you and provide me with an update at that time.**"

20. However, neither Ms. Vialva nor anyone from HPD or the City of New York contacted Plaintiff about her reasonable accommodation request and return to work.

21. Instead, on or about April 8, 2021, **<u>Plaintiff received a termination letter</u>** dated April 5, 2021, from Anna Vaysman, Acting Assistant Commissioner of Human Resources. The letter stated: "We regret that you have been disabled since July 15, 2019 and have been unable to resume the duties of your position for more than one (1) year. As a result, effective September 28, 2020, your employment with this agency is hereby terminated in accordance with Section 71 of the NY Civil Service Law."

22. The City of New York and HPD failed to engage in the interactive process and provide Plaintiff with a reasonable accommodation.

23. Defendant terminated Plaintiff effective September 28, 2020, irrespective of Ms. Stallings' admission that Plaintiff had timely submitted her medical documentation and accommodation request.

24. On or about April 14, 2021, Plaintiff had a telephone conversation with HPD's Associate Staff Analyst, Yolanda Tunstall.  Ms. Tunstall directed Plaintiff to return HPD property, including Plaintiff's badge and uniform, in light of her termination.  During her conversation with Ms. Tunstall, Plaintiff detailed the circumstances surrounding her termination and her prior attempts to receive a reasonable accommodation.  In response, Ms. Tunstall intimidated that she was not surprised by Ms. Stallings' recklessness in addressing Plaintiff's reasonable accommodation needs.  Ms. Tunstall assured Plaintiff that she would address Plaintiff's termination in a meeting scheduled for the following day and inform management that Plaintiff timely submitted reasonable accommodation documents and "was blindsided by the termination."

25. However, no one from HPD or the City of New York contacted Plaintiff about her termination.

26. Defendant would not have terminated Plaintiff but for her disability.

27. Defendant failed to provide Plaintiff with a reasonable accommodation.

28. As a result of the Defendant's discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

29. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary

losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

30. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against the Defendant.

**AS A FIRST CAUSE OF ACTION
UNDER THE NYCHRL
DISCRIMINATION**

31. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

32. Pursuant to N.Y.C. Admin. Code § 8-107(1), it is an unlawful discriminatory practice for an employer "to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment" on the basis of disability.

33. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her disability, including, terminating her employment.

34. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

**AS A SECOND CAUSE OF ACTION
UNDER THE NYCHRL
FAILURE TO PROVIDE A REASONABLE ACCOMMODATION**

35. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

36. Pursuant to N.Y.C. Admin. Code §8-107(15)(a), "It is an unlawful discriminatory practice for any person prohibited by the provisions of this section from discriminating on the basis of disability not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity."

37. Defendant engaged in an unlawful discriminatory practice by failing to provide a reasonable accommodation and by failing to engage in the interactive process.

38. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

### AS A THIRD CAUSE OF ACTION
### UNDER THE NYSHRL
### **DISCRIMINATION**

39. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

40. Pursuant to N.Y. Exec. Law §296(1)(a), it is an unlawful discriminatory practice for an employer "to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment" on the basis of disability.

41. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her disability, including, terminating her employment.

42. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

## AS A FOURTH CAUSE OF ACTION
## UNDER THE NYSHRL
## FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

43. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

44. N.Y. Exec. Law §296(3)(a) provides: "It shall be an unlawful discriminatory practice for an employer, licensing agency, employment agency or labor organization to refuse to provide reasonable accommodations to the known disabilities of an employee, prospective employee or member in connection with a job or occupation sought or held or participation in a training program."

45. Defendant engaged in an unlawful discriminatory practice by failing to provide a reasonable accommodation and by failing to engage in the interactive process.

46. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. A declaratory judgment that the employment practices of Defendant complained of herein violate the NYCHRL and the NYSHRL;

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendant's unlawful discharge and to otherwise make Plaintiff whole for any losses suffered as a result of Defendant's unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation;

D. Awarding Plaintiff liquidated damages in an amount to be determined at trial;

E. Awarding Plaintiff punitive damages in an amount to be determined at trial;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of this action;

G. Awarding prejudgment interest on all amounts due;

H. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: September 9, 2021

        **SHNAYDER LAW LLC**
        *Attorneys for Plaintiff*

By: _/s/ Erica L. Shnayder_
    Erica L. Shnayder, Esq.
    89 Headquarters Plaza, Suite 1421
    Morristown, NJ 07960
    (973) 714-1515
    erica@eshnayderlaw.com